UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE LEE JETMORE STODDARD-NUNEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD, et al.,<br><br>Defendants. | Case No. 13-cv-04490-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND; ORDER DISSOLVING STAY**<br><br>Re: Dkt. No. 38 |

Before the Court is Defendants' motion to dismiss. Plaintiff opposes the motion. The Court held a hearing on the matter on November 5, 2015. The Court has considered the papers filed by the parties, the relevant legal authority, and the arguments advanced by counsel, and for the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART WITH LEAVE TO AMEND, and the stay previously in effect is now DISSOLVED.

### I. BACKGROUND

**A.    Factual background**

On March 3, 2013, at approximately 3:20 a.m., Hayward Police Officer Manuel Troche ("Troche") was on patrol in his police cruiser in Hayward, California. (1st Am. Compl. ("FAC") ¶ 9, Dkt. No. 21.) Russell McLeod ("McLeod") was Officer Troche's civilian ride along. (*Id.*) Officer Troche was traveling on Foothill Boulevard when he noticed a maroon Honda Civic moving erratically. (*Id.* ¶¶ 10, 11.) Shawn Joseph Jetmore Stoddard-Nunez ("Shawn") was sitting in the front passenger seat of the Honda Civic. (*Id.*)

Officer Troche suspected that the driver, Arthur Pakman ("Pakman"), was operating the vehicle while under the influence and attempted to initiate a traffic stop. (*Id.* ¶¶ 9, 10.) Officer Troche accelerated to catch-up to the Honda, but he did not activate the patrol car's siren or

flashing lights to alert Pakman that he was being pulled over. (*Id.* ¶ 10.) Apparently unaware of Officer Troche's presence, Pakman continued to drive. (*Id.*) He made a right turn and reached a cul-de-sac surrounded by several apartment buildings. (*Id.*) He traveled the length of the cul-de-sac, made another right turn into an empty parking lot, and parked the car. (*Id.* ¶ 11.)

Officer Troche parked his patrol car at the parking lot's entrance. (*Id.* ¶ 12.) He shined the patrol car's spot light in the direction of the Honda Civic, allegedly blinding Pakman and Shawn. (*Id.*) McLeod exited the patrol car and stood alongside it. (*Id.*) Officer Troche walked over to the passenger side of the Honda, drew his firearm, and began giving commands. (*Id.* ¶ 13.) Pakman then backed out of his parking space, steered the vehicle toward the parking lot's entrance, and began driving forward, apparently with the goal of maneuvering the Honda between Officer Troche's patrol car and a pole located at the entryway to the parking lot. (*Id.* ¶ 14.) At that point, Officer Troche discharged his service weapon. (*Id.* ¶ 15.) Shawn was shot multiple times. (*Id.*) The fatal gunshot severed arteries in his neck. (*Id.*)

Pakman, who was operating the Honda at the time of the shooting was charged with Shawn's murder under California Penal Code section 187(a), two counts of assault with a deadly weapon under California Penal code section 245(a)(1), and two counts of felony driving under the influence under California Vehicle Code sections 23152(a) and (b). (Defs.' Req. for Judicial Notice ("Defs.' RJN"), Ex. 1, Dkt. No. 38-3.) Pakman pled no contest to involuntary manslaughter under California Penal Code section 192(b) and five counts of felony DUI under California Vehicle Code section 23152(b). (Defs.' RJN, Ex. 2, Dkt. No. 38-4)

### B. Procedural background

On September 27, 2013, Jessie Lee Jetmore Stoddard-Nunez ("Plaintiff"), Shawn's brother, commenced this action against the City of Hayward and Officer Manuel Troche ("Defendants") as Shawn's successor-in-interest and personal representative of his estate. (Compl. ¶¶ 3-6, Dkt. No. 1.) On October 23, 2013, Defendants filed a motion to dismiss, or alternatively, stay the action pending resolution of Pakman's criminal prosecution, and moved for a more definite statement. (Defs.' Mot., Dkt. No. 8.) The Court (1) granted the motion to stay the proceedings but allowed the parties to propound written discovery and conduct depositions of percipient witnesses, except

1  Officer Troche and Pakman, (2) granted Plaintiff leave to amend his wrongful death claim to
2  include the declaration required by California Code of Civil Procedure section 377.32, and (3)
3  granted Defendant's motion for a more definite statement as to Plaintiff's assault and battery
4  claims.  (Dec. 23, 2013 Order at 18, Dkt. No. 20.)

5  Plaintiff filed an amended complaint on January 6, 2014, asserting:  (1) a claim under 42
6  U.S.C. § 1983 against Officer Troche for violation of Shawn's Fourth Amendment right to be free
7  from excessive force, (2) a claim under § 1983 against Officer Troche for wrongful death, (3) a
8  claim against the City pursuant to § 1983 and *Monell v. Department of Social Services*, 436 U.S.
9  658 (1978), (4) a state law claim for wrongful death against Officer Troche, and (5) claims for
10 assault and battery, also asserted against Office Troche.  (FAC ¶¶ 24-25, 26-30, 31-39, 40-44, 45-
11 46, 47-48.)  In the complaint, Plaintiff alleges that he is Shawn's successor-in-interest and his sole
12 surviving biological brother and thus has standing to bring this action.  (FAC ¶ 3.)

13 Attached to the amended complaint is a copy of Shawn's birth certificate and a declaration
14 in which Plaintiff states that he is Shawn's successor-in-interest, that he is Shawn's brother, that
15 Shawn has no children, and that no person has a superior right to bring the instant action.
16 (Stoddard-Nunez Decl. & Ex. A, Dkt. No. 21-1.)

17 Pursuant to the briefing schedule set by the Court at an August 4, 2015 case management
18 conference, Defendants moved to dismiss the complaint on October 1, 2015.  (Minute Entry, Dkt.
19 No. 37; Defs.' Mot. to Dismiss ("Defs.' Mot."), Dkt. No. 38.)  Plaintiff filed his opposition on
20 October 15, 2015, along with a second declaration from Plaintiff in which he states that the
21 parental rights of his and Shawn's birth parents were terminated, as were those of their adoptive
22 parents.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), Dkt. No. 39; 2d Stoddard-Nunez
23 Decl., Dkt. No. 39-1.)  Defendants filed their reply on October 22, 2015.  (Defs.' Reply in Support
24 of Mot. to Dismiss ("Defs.' Reply"), Dkt. No. 40.)  The Court held a hearing on the motion on
25 November 5, 2015.

## II.  LEGAL STANDARD

### A.  Motion to dismiss under Rule 12(b)(6)

28 Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based

on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

///

4

### B. Request for judicial notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

### A. Request for judicial notice

Defendants ask that the Court take judicial notice of the Conformed Criminal Complaint in Pakman's state court case, the Felony Abstract of Judgment reflecting Pakman's conviction for involuntary manslaughter, and the Criminal Court Minutes from January 26, 2015, which reflect that the parties in the state criminal proceed stipulated to a factual basis for the plea. (Defs.' RJN, Exs. 1-3.) Plaintiff does not oppose the request. The Court finds that the documents are true and correct copies of documents filed in state court and grants Defendants' request for judicial notice. *See* Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

### B. Motion to dismiss

Defendants move to dismiss this action with prejudice. (Defs.' Mot. at 3.) They argue that

5

Plaintiff lacks standing to bring this suit and that his claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 479 (1994). The Court addresses each argument in turn.

### 1. Plaintiff's standing

In this case, Plaintiff asserts a survival claim for violation of Shawn's Fourth Amendment rights and a state law claim for wrongful death. (FAC ¶¶ 24-25, 40-44.) Defendants argue that Plaintiff has not established standing to assert these claims because Shawn's parents, as to which Plaintiff makes no factual allegations, may have a superior right. (Defs.' Mot. at 5-8.) In his opposition and accompanying declaration, Plaintiff asserts that Shawn has no surviving spouse or children and that the rights of Shawn's natural parents, and subsequent adoptive parents, were terminated while Plaintiff and Shawn were still minors. (Pl.'s Opp'n at 9, 10; 2d Stoddard-Nunez Decl.) As explained below, these assertions are not found in the operative complaint, which warrants dismissal with leave to amend.

#### a. Wrongful death claim

A family member may bring a state law wrongful death claim to recover damages based on their own injuries resulting from a decedent's death. Cal. Code Civ. Proc. § 377.60; *see Ruiz v. Podolsky*, 50 Cal. 4th 838, 844 (2010). A plaintiff who brings a wrongful death claim must plead and prove standing, which is governed by California Code of Civil Procedure section 377.60. *See Nelson v. Cty. of Los Angeles*, 113 Cal. App. 4th 783, 789 (2004).

Section 377.60 reads, in pertinent part:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:
> 
> (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.
> 
> (b) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents. As used in this subdivision, "putative spouse" means the surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid.
> 
> (c) A minor, whether or not qualified under subdivision (a) or (b), if, at the time of the decedent's death, the minor resided for the previous 180 days in the decedent's household and was dependent on the decedent for one-half or more of the minor's support.

6

The category of persons eligible to bring wrongful death actions is strictly construed. Cal. Civ. Proc. Code. § 377.60; *see Medrano v. Kern Cty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1018 (E.D. Cal. 2013). A sibling is barred from bringing a wrongful death action unless the decedent has no surviving issue or parents. Cal. Civ. Proc. Code § 377.60(a); Cal. Prob. Code § 6402(c).

In this case, the first amended complaint does not contain any allegations regarding Shawn's parents. It is only in the arguments and declaration offered in opposition to the instant motion to dismiss that Plaintiff first addresses the matter. Absent allegations establishing that Shawn has no living parents, Plaintiff has failed to allege facts sufficient to establish standing to bring a wrongful death claim. *See Medrano*, 921 F. Supp. 2d at 1018 (dismissing wrongful death claim with leave to amend where complaint alleged that plaintiffs were the decedent's successors in interest, but did not contain specific allegations regarding the existence of any spouse, issue, or surviving parents).

      *b.*  *Survival claim*

California law also authorizes a decedent's personal representative or successor-in-interest to assert a Fourth Amendment claim on behalf of an individual killed as a result of an officer's excessive force. *See Cooke v. Liles*, No C 12-1844 SBA, 2013 WL 1196990, at *5 (N.D. Cal. Mar. 25, 2013) (citing Cal. Civ. Proc. Code § 377.30). An individual is a decedent's successor-in-interest if he or she is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11.

If Shawn died intestate, the beneficiary of his estate is "the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code[.]" Cal. Civ. Proc. Code § 377.10. As discussed above, Plaintiff's right to recover here would be subordinate to that of a living parent based on the order of intestate succession. *See* Cal. Prob. Code § 6402. Though Plaintiff asserts that he is Shawn's successor-in-interest and that no person has a superior right to bring this action, he has not alleged facts in the operative complaint establishing that Shawn has no surviving parents. Plaintiff has, therefore, failed to allege sufficient facts to establish his standing to

maintain a survival claim. *See Cooke*, 2013 WL 1196990, at *5 (dismissing survival claim for excessive force with leave to amend where plaintiffs had not alleged facts establishing that they were the decedent's personal representative or successor-in-interest).

The content of Plaintiff's opposition and accompanying declaration, however, suggests that the pleading deficiency regarding standing can be remedied by amendment. The first amended complaint is dismissed with leave to amend so that Plaintiff may properly plead facts establishing his standing to maintain his wrongful death and survival claims.

### 2. *Heck*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court held that a state prisoner's damages claims, which necessarily implied the invalidity of his conviction, could not be maintained under § 1983 absent a showing "that the conviction or sentence ha[d] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

The Ninth Circuit has explained that under *Heck*, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc). Consequently, "the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F.3d at 695 (quoting *Heck*, 512 U.S. at 487).

Here, Defendants argue that Pakman's conviction for involuntary manslaughter bars Plaintiff's claims, as a favorable resolution of those claims would necessarily imply the invalidity of Pakman's conviction. (Defs.' Mot. at 9.) Defendants contend that "Pakman's conviction conclusively determines that Officer Troche fired at Pakman's vehicle in direct response to the danger thrust upon him by Pakman driving at the officer and his ride along passenger." (*Id.*) They assert that Pakman was thus the proximate cause of Shawn's death, as a conviction for involuntary manslaughter would not have been possible otherwise. (*Id.*) Defendants also assert that Pakman's only action during the incident was driving a vehicle in the direction of Officer Troche and his ride along. (*Id.*) According to Defendants, this is the only act which could serve as the basis for

Pakman's conviction, and it shows that Officer Troche's use of force was reasonable because he fired shots in response to Pakman's conduct. (*Id.* at 9, 10.) Defendants claim that Plaintiff now seeks to undermine that conviction "by claiming that Officer Troche was the proximate cause of the homicide" and by "contradict[ing] the fact that Officer Troche justifiably and therefore reasonably, shot in direct response to Pakman's action of driving a car at him and his passenger[.]" (*Id.* at 12.)

The judicially-noticed documents show that Pakman was charged with Shawn's murder under California Penal Code section 187(a), two counts of assault with a deadly weapon under California Penal code section 245(a)(1), and two counts of felony driving under the influence under California Vehicle Code sections 23152(a) and (b). (Defs.' RJN, Ex. 1.) The documents also show that instead facing trial for these offenses, Pakman pled no contest to involuntary manslaughter under California Penal Code section 192(b) and five counts of felony DUI under California Vehicle Code section 23152(b). (*Id.*, Ex. 3.) There is mention of a stipulated factual basis for the plea, but that basis is not articulated. (*Id.*) As such, it does not resolve the matter at issue in this case, i.e., the reasonableness of Officer Troche's conduct, and it certainly does not establish that the factual account Defendants urge the Court to adopt must be the basis for Pakman's plea.[1]

While a plea of no contest qualifies as a conviction under *Heck*, it does not, unlike a jury trial "necessarily determine the lawfulness of the officers' actions throughout the whole course of his conduct." *Kyles v. Baker*, 72 F. Supp. 3d 1021, 1037 (N.D. Cal. 2014) (citations, quotations, and internal modifications omitted). Along these lines, Plaintiff argues that the physical evidence in this case will show that "different actions occurred during the course of one continuous transaction." (Pl.'s Opp'n at 12.) He asserts that Officer Troche and his ride along were never in danger when Pakman drove near them since he successfully drove past them without hitting them, that the bullet trajectory analysis will show that Officer Troche shot at Pakman's car several times, and that the vast majority of the shots came after Pakman's car no longer posed a danger to him or

---

[1] For these reasons, a motion for summary judgment brought on *Heck* grounds would not likely be granted in this case.

9

his ride-along.[2] Were Plaintiff to prevail on one of these theories, it would not undermine the validity of Pakman's conviction. Rather, it would establish that the officer's reaction to Pakman's act of driving the Honda in his direction was unreasonable under the totality of the circumstances. Defendants concede as much in their reply, "if Plaintiff's allegation [that Officer Troche] was not in danger was true, there would be no justification for firing a weapon at all."[3] (Defs.' Reply at 7.)

Additionally, Plaintiff argues that after the shooting, Pakman crashed and fled on foot, distracting the officers and preventing Shawn from receiving immediate medical attention. (Pl.'s Opp'n at 13-14.) He claims that this could also be a possible factual basis for Pakman's no contest plea. (*Id.* at 14.) Again, the Court declines to assume that the facts the parties marshal here must be the basis for Pakman's no contest plea.

Nonetheless, the lack of a factual basis for the plea prevents the Court from concluding that this § 1983 action would necessarily imply or demonstrate the invalidity of Pakman's conviction.[4] *See, e.g.*, *Sanford v. Motts*, 258 F.3d 1117, 1119-20 (9th Cir. 2001) (*Heck* was no bar to plaintiff's claims where nothing in the record indicated the factual basis for her nolo plea); *Rhead v. Mundy*, 71 Fed. App'x 729, 730 (9th Cir. 2003) (reversing grant of summary judgment where the plaintiff's § 1983 action would not necessarily imply the invalidity of his conviction because nothing in the record revealed the factual basis of the plaintiff's nolo plea); *Johnson v. Gilroy Police Dep't*, No. 09-cv-03946-SI, 2011 WL 445921, at *4 (N.D. Cal. Feb. 4, 2011) (declining to dismiss claims on *Heck* grounds because the minutes from the state court proceedings did not reveal the factual basis the plaintiff's no contest plea); *Godoy v. Wadsworth*, No. CV 05-02913 NJV, 2009 WL 1458041, at *4-5 (N.D. Cal. May 21, 2009) (defendants were not entitled to summary judgment based on

---

[2] Defendants argue the facts alleged in the operative complaint do not support these theories. Defs.' Reply at 6, 7. This argument is misguided, as the theories Plaintiff advances in his opposition merely illustrate that discovery may show that the facts of this case diverge from the account Defendants offer.

[3] Despite this concession, Defendants argue that the unjustified use of force would have been a superseding event that would have absolved Pakman of criminal liability, and that this obviously undermines the conviction. Not so. The issue of a superseding cause was never presented to a jury, and none of the judicially-noticed documents suggest that superseding causation was addressed in the criminal proceedings.

[4] The lack of a factual basis for the no contest plea also prevents the Court from considering the parties' arguments regarding causation, as a determination of that issue requires the Court to accept the parties' speculation as to the facts underlying Pakman's conviction.

*Heck* because there was no discussion of the facts underlying the plaintiff's guilty plea).

Accordingly, Defendants' motion is DENIED to the extent it seeks dismissal of Plaintiff's claims on *Heck* grounds.

### IV.     CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART WITH LEAVE TO AMEND, and the stay previously in effect is hereby DISSOLVED. Plaintiff shall file a second amended complaint within 14 days of this order.

The Court will hold a case management conference in this case on January 26, 2016 at 1:30 p.m. The parties shall file an updated case management conference statement by no later than January 19, 2016.

IT IS SO ORDERED.

Dated: 11/10/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge