UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE LEE JETMORE STODDARD-NUNEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD, et al.,<br><br>Defendants.<br><br>CITY OF HAYWARD, et al.,<br><br>Third Party Plaintiffs,<br><br>v.<br><br>ARTHUR PAKMAN, and ROES 1-20,<br><br>Third Party Defendants. | Case No. 13-cv-04490-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 56 |

Pro se third-party defendant Arthur Pakman ("Pakman") moves to dismiss the third-party complaint filed by the City of Hayward and Officer Manuel Troche (collectively, "City"). The Court deems the motion suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and VACATES the hearing currently set for April 21, 2016. For the reasons set forth below, the motion is GRANTED.

**I.  BACKGROUND**

The incident giving rise to this action has been described at length in prior orders. (Dkt. Nos. 20, 42.) The Court will not, therefore, repeat that extensive factual background here. Jessie Lee Jetmore Stoddard-Nunez ("Plaintiff") commenced this action on September 27, 2013. (Dkt. No. 1.) The case was previously stayed pending Pakman's criminal prosecution for conduct

culminating in the death of Plaintiff's brother, Shawn Joseph Jetmore Stoddard-Nunez ("Stoddard-Nunez"). (Dkt. No. 20.) On July 14, 2015, Pakman pled no contest to involuntary manslaughter. (Pakman Decl. ¶ 4, Dkt. No. 57.) The Court lifted the stay on November 10, 2015. (Dkt. No. 42.)

On December 4, 2015, the City filed a third-party complaint against Pakman for (1) total equitable indemnity, (2) partial equitable indemnity, (3) declaratory relief based on duty to indemnify, (4) contribution and repayment, and (5) declaratory relief based on duty to contribute. (3d Party Compl., Dkt. No. 46.) On March 7, 2016, Pakman moved to dismiss the third-party complaint for failure to state a claim upon which relief can be granted. (Mot., Dkt. No. 56.) The City filed its opposition to the motion on March 21, 2016. (Opp'n, Dkt. No. 64.) Plaintiff did not file a reply. The motion was noticed for hearing on April 21, 2016, which the Court now vacates.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are

inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

Pakman seeks dismissal of the third-party complaint on two grounds. (Mot. at 4-8.) First, Pakman argues that dismissal is warranted as a matter of law because there is no federal right to indemnification or contribution under 42 U.S.C. § 1983 and any such right under state law would be inconsistent with the goals of § 1983.[1] (*Id.* at 4-7.) Second, Pakman argues that dismissal is warranted because the third-party complaint contains insufficient facts and conclusory allegations of law.[2] (*Id.* at 7-8.)

Under Ninth Circuit law, there is no right of contribution or indemnification under § 1983. *Allen v. City of Los Angeles*, 92 F.3d 842, 845 n.1 (9th Cir. 1996), overruled on other grounds by *Acri v. Varian Ass'ns, Inc.*, 114 F.3d 999 (9th Cir. 1997). In its opposition, the City clarifies that "the third-party complaint is not seeking indemnification and contribution under 42 U.S.C.A. § 1983. Rather, the third-party complaint is seeking indemnification and contribution for an action brought by PLAINTIFF under California's wrongful death and survival statutes." (Opp'n at

---

[1] The goals of § 1983 are compensation and deterrence. *Hoa v. Riley*, 78 F. Supp. 3d 1138, 1174 (N.D. Cal. 2015).

[2] Because Pakman's first argument has merit, the Court need not address the sufficiency of the allegations in the third-party complaint.

3

4.)

Under California law, "[i]ndemnity either imposes the entire loss on one of two or more tortfeasors or apportions it on the basis of comparative fault." *Coca-Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal. App. 4th 1372, 1378 (1992). Alternatively, where there is no right of indemnity, and "[w]here a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them." Cal. Civ. Proc. Code § 875; *see also* Cal. Civ. Code § 1432 ("Except as provided in Section 877 of the Code of Civil Procedure, a party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him."). "Such right of contribution shall be administered in accordance with the principles of equity." Cal. Civ. Proc. Code § 875(b). A defendant cannot recover under both theories; where there is a right of indemnity, there is no right of contribution. *Coca-Cola Bottling Co.*, 11 Cal. App. 4th at 1378; *see also* Cal. Civ. Proc. Code § 875(f) ("[W]here one tortfeasor judgment debtor is entitled to indemnity from another there shall be no right of contribution between them.").

Relying on *Hoa v. Riley*, 78 F. Supp. 3d 1138 (N.D. Cal. 2015), Pakman argues that the City's right to indemnification and contribution under state law is preempted and cannot support its claims for such relief in this case. (Mot. at 5-7.) In *Hoa*, a truck carrying food supplies to San Quentin State Prison injured the plaintiff, a prisoner who assisted with commercial vehicles coming into the prison as part of the prison work program. *Hoa*, 78 F. Supp. 3d at 1143. The truck trapped and crushed the plaintiff as it backed up a loading ramp. *Id.* The plaintiff sued the driver, his employer, and two corporations affiliated with the employer, asserting claims for negligence, negligent supervision, and negligent training. *Id.* at 1144. The plaintiff also sued the prison supervisors, asserting claims under § 1983 for deliberate indifference and cruel and unusual punishment in violation of the plaintiff's Eighth Amendment rights. *Id.* at 1143-44. The plaintiff alleged that the defendants were jointly and severally liable for his injuries. *Id.* at 1144.

The prison supervisors filed a cross-complaint against the trucking defendants, seeking equitable indemnification, contribution, and declaratory relief. *Id.* The cross-defendants moved to dismiss the complaint. *Id.* The court granted the motion. *Id.* at 1156. In its decision, the court

4

addressed, among other things, "whether state law may provide any right of contribution or indemnity or whether such right would conflict with the purposes of [§] 1983 and thus be preempted." *Id.* at 1149. The court answered the preemption question in the affirmative. *Id.* at 1153. It reasoned that allowing a right of contribution or indemnification would allow a deliberately indifferent defendant to offset his liability by shifting it onto a merely negligent tortfeasor. *Id.* at 1154. The court determined that the possibility of such liability-shifting conflicted with § 1983's goal of deterrence and concluded that state law rights to contribution and indemnification were thus preempted. *Id.* at 1153.

In reaching its decision, the court found the cross-claimant's reliance on *Banks v. City of Emeryville*, 109 F.R.D. 535 (N.D. Cal. 1985) unpersuasive. *Hoa*, 78 F. Supp. 3d at 1156. In *Banks*, the decedent was arrested for public drunkenness and placed in a cell at the Emeryville Police Department Temporary Detention Facility. *Banks*, 109 F.R.D. at 537. While the decedent was in custody, a fire broke out in her cell. *Id.* After the fire was extinguished, the decedent was found charred nearly beyond recognition on a mattress that had disintegrated into burnt shreds. *Id.* The plaintiffs brought claims under § 1983 against the City of Emeryville and its police chief. *Id.* The defendants then filed a third-party complaint against those involved in the manufacture, distribution, or sale of the mattress, asserting claims for general indemnification, strict products liability, breach of warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for particular purposes, negligence, misrepresentation, and breach of contract. *Id.* at 538. The third-party defendants moved for judgment on the pleadings. *Id.* The court granted the motion to the extent the third-party complaint sought indemnification based on § 1983, but denied the motion to the extent the third-party complaint contained state law causes of action. *Id.* at 541.

The *Banks* court, however, did not consider whether third-party defendant's right of contribution and indemnity were consistent with the goals of § 1983. *See id.* This is one reason why the *Hoa* court "decline[d] to follow the portion of *Banks* that concludes that a claim of contribution or indemnification based on a third party's liability under state law constitutes a claim for indemnification 'based on state law claims, rather then [*sic*] on § 1983 directly.'" *Hoa*, 78 F.

Supp. 3d at 1156 (quoting *Banks*, 109 F.R.D. at 539).

Notwithstanding this criticism, the City urges the court the follow *Banks*, not *Hoa*, because it "provides the better reasoned opinion as the court surely benefited from having the issue of directly asserted state claims actually at issue in the case." (Opp'n at 8.) The City also attempts to distinguish *Hoa* for a number of other reasons, including the fact that the case involved a deliberate indifference claim, a claim unlike § 1983 excessive force claims asserted in this action, and because unlike the plaintiff in *Hoa*, Plaintiff has asserted state law claims directly against the City. (*See id.* at 8-9.)

The City's efforts to distinguish *Hoa* ignore the key issue Pakman raises in his opening brief—whether a state law right to contribution and indemnity frustrates the goals of § 1983. Those goals—deterrence and compensation—would be so frustrated here. First, "[§] 1983's twin goals of compensation and deterrence are not furthered by reducing the defendants' costs of violations while placing the risk of an insolvent defendant on the plaintiff." *Hepburn ex rel. Hepburn v. Athelas Inst., Inc.*, 324 F. Supp. 2d 752, 759 (D. Md. 2004). Yet, that is precisely what the City seeks here—allowing it to potentially offset its liability by shifting it onto a potentially insolvent Pakman.

Second, "because contribution rights are based upon principles of equitable distribution of damages, the right is ill-suited to § 1983 cases." *Hepburn*, 324 F. Supp. 2d at 759; *see also Hoa*, 78 F. Supp. 3d at 1154. "[Q]ualified immunity and professional judgment standards either already consider the plaintiff's conduct or render it irrelevant." *Hepburn*, 324 F. Supp. 2d at 759. In this case, that principle extends to Pakman's conduct. Plaintiff's § 1983 excessive force claims turn on whether the officer's use of force was reasonable under the totality of the circumstances and without the 20/20 vision of hindsight. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). Pakman's conduct will inevitably factor into that calculus. Thus, the equitable concerns underlying the right of contribution are diminished, as the jury will necessarily consider the conduct giving rise to the City's third-party complaint in deciding whether to hold it liable in the first place. *See Hoa*, 78 F. Supp. 3d at 1154 ("In a Section 1983 case like this one, those equitable concerns are diminished, because the level of culpability necessary for § 1983 liability reduces the

need to equitably distribute damages among tortfeasors.") (internal quotations and citation omitted).

For these reasons, this Court follows *Hoa* and concludes that the City's right to indemnity and contribution under state law is impliedly preempted under the doctrine of obstacle preemption. The right inconsistent with the goals of § 1983, thereby "frustrates the operation of the federal act," and must therefore "yield to the regulation of Congress." *See Hoa*, 78 F. Supp. 3d at 1154 (internal citations and quotations omitted). The claims asserted in the City's third-party complaint thus fail as a matter of law.

The City's remaining arguments do not necessitate a contrary ruling. First, the City argues that "denying the third-party complainants indemnity and contribution under state law merely because the plaintiff asserted a § 1983 claim as one of his many theories would have a negative effect on the litigation of claims and encourage collusion." (Opp'n at 8-9.) The City fears that "in a wrongful death action where the plaintiff and the third-party defendant were friends, such as is the case here, that the plaintiff would include a § 1983 claim to shield the third-party defendant from liability in exchange for favorable testimony against the third-party complainant." (*Id.* at 9.) That conduct, however, may be addressed through appropriate dispositive motions (if the § 1983 claim lacks merit) and by discrediting any such witness at trial as permitted by the Federal Rules of Evidence.

Second, the City argues that "if a jury returned a verdict in favor of PLAINTIFF in this case based solely on negligence, it would not be equitable or efficient to have denied the CITY an opportunity to file a third-party complaint for indemnity and contribution." (Opp'n at 9.) Should this hypothetical prove true, the City is free to make a calculated decision about whether it is willing to incur the costs of pursuing a state action for indemnity and contribution. Indeed, the City contends that "a defendant under those circumstances could file a second state action for indemnity and contribution." (*Id.*) The Court, however, is not free to rewrite Plaintiff's complaint in order to accommodate the City's financial considerations.[3]

---

[3] For this same reason, the Court rejects the argument that "until all of the PLAITNIFF'S [*sic*] state claims are dismissed with prejudice, PAKMAN'S motion is premature." *See* Opp'n at 10.

7

Third, the City argues that it may seek contribution and indemnity on the state law claims Plaintiff asserts in his complaint, which are entirely independent of § 1983. The court in *Hoa*, however, acknowledged the availability of a right of contribution and indemnification under California law. *See Hoa*, 78 F. Supp. 3d at 1149. Nonetheless, the court concluded that the state law cross-claims for contribution and indemnity failed on preemption grounds. *Id.* Thus, the City has not convinced the Court that the availability of contribution and indemnification under state law, by itself, saves its third-party claims from a finding that they are preempted.

Finally, the City argues that "[e]ven assuming there is no right to indemnification and contribution under § 1983 when asserted under a state wrongful death/survival statute in conjunction with various state law torts, PAKMAN'S motion still fails as it would not eliminate any claim in its entirety." (Opp'n at 10.) As discussed above, however, the City's indemnity and contribution claims fail as a matter of law, and in this respect, Plaintiff's motion disposes of these claims in their entirety. This argument, then, does not save the third-party complaint from dismissal.

## IV.     CONCLUSION

For these reasons, Pakman's motion to dismiss the City's third-party complaint is GRANTED.

IT IS SO ORDERED.

Dated: 04/20/16

_____
KANDIS A. WESTMORE
United States Magistrate Judge

8