UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE LEE JETMORE STODDARD-NUNEZ,<br><br>           Plaintiff,<br><br>    v.<br><br>CITY OF HAYWARD, et al.,<br><br>           Defendants. | Case No. 13-cv-04490-KAW<br><br>**ORDER UNSTAYING CASE; GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT; HOLDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN ABEYANCE**<br><br>(Dkt. No. 100) |

On September 27, 2013, Plaintiff Jessie Lee Jetmore Stoddard-Nunez filed the instant suit against Defendants City of Hayward and Manuel Troche. (Compl., Dkt. No. 1.) Plaintiff brings claims under 42 U.S.C. § 1983 and other state law actions, based on the March 3, 2013 shooting death of Plaintiff's brother, Shawn Joseph Jetmore Stoddard-Nunez ("Decedent") by Defendant Troche. (Second Amend. Compl. ("SAC") ¶ 1, Dkt. No. 43.)

On July 11, 2017, Defendants filed a motion for summary judgment, raising the issue of standing. (Defs.' Mot. at 8, Dkt. No. 100.) Specifically, Defendants argued that Plaintiff lacked standing to bring the instant suit because Plaintiff was not the successor in interest, as Decedent's father had superior rights to Plaintiff. (*Id.*) Plaintiff, in turn, argued that he had standing because Plaintiff and Decedent had been abandoned by their adoptive parents. (Plf.'s Opp'n at 21, Dkt. No. 114.)

On September 5, 2017, in response to the Court's request for supplemental briefing on the termination of parental rights, Plaintiff requested leave to amend the complaint to name Plaintiff as the representative of Decedent's Estate, thus adding Decedent's Estate back into the case as a plaintiff. (Dkt. No. 126 at 1.)

Having reviewed the parties' filings and considered the arguments made at the September 7, 2017 hearing, and for the reasons stated below, the Court UNSTAYS the case and GRANTS Plaintiff's request to file an amended complaint adding Decedent's Estate as a plaintiff.

## I. BACKGROUND

On September 27, 2013, Plaintiff filed the instant suit against Defendants City of Hayward and Troche, asserting claims of wrongful death and civil rights violations based on the shooting death of Decedent. Plaintiff brought the action both as the successor in interest of Decedent and the personal representative of the Estate of Shawn Joseph Jetmore Stoddard-Nunez ("Decedent's Estate"). (Compl. ¶ 3.)

Decedent was a passenger in a car driven by Mr. Arthur Pakman. (Compl. ¶ 10.) Defendant Troche and ride-along passenger Mr. Russell McLeod were on patrol when they saw Mr. Pakman's vehicle driving erratically, and Defendant Troche attempted to catch up with car. (Compl. ¶ 11.) Mr. Pakman drove into an empty parking lot and parked in an empty spot, and Defendant Troche followed. (Compl. ¶¶ 12-13.) Plaintiff alleges that Defendant Troche did not announce his presence or intention to detain Mr. Pakman, and instead parked his patrol car at the entrance of the parking lot and shined his spotlight on Mr. Pakman's vehicle, blinding the occupants. (Compl. ¶ 13.) Defendant Troche also permitted Mr. McLeod to leave the safety of the patrol car as Defendant Troche drew his gun and began giving orders. (Compl. ¶ 14.) Mr. Pakman then backed out of the parking spot, turned it to the parking lot entrance, and drove forward. (Compl. ¶ 15.) As Mr. Pakman's vehicle approached, Defendant Troche began firing at the car, firing nine shots into Mr. Pakman's vehicle as Mr. Pakman drove by. (Compl. ¶ 16.) Several of the shots hit Decedent, killing him. (*Id.*) Based on these actions, Plaintiff brought claims for: (1) violation of the Fourth Amendment as to Decedent's Estate, (2) wrongful death as to Decedent's Estate, (3) violation of Plaintiff's civil rights to a familial relationship as to Plaintiff, (4) a *Monell* claim as to Decedent's Estate, (5) negligent wrongful death as to Plaintiff; and (6) assault and battery as to Decedent's Estate. (Compl. at 6-11.)

On February 23, 2013, Defendants filed a motion to dismiss, asking that the case be stayed under *Younger* abstention and *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. No. 8 at 2.)

Defendants also sought dismissal based on lack of standing, on the ground that Plaintiff had failed to file a declaration under California Code of Civil Procedure § 377.32, as required to bring an action as a successor in interest. (*Id.* at 4-5.) In his opposition, Plaintiff requested leave to amend the complaint to attach the required declaration. (Dkt. No. 14 at 7.) On December 23, 2013, the Court granted in part and denied in part the motion to dismiss, finding that Plaintiff lacked standing due to his failure to file the required declaration. (Dkt. No. 8 at 12.) The Court also found that *Younger* abstention was appropriate pending resolution of the underlying criminal proceedings, and stayed the proceedings while allowing limited discovery. (*Id.* at 2, 18.)

On January 6, 2014, Plaintiff filed an amended complaint, which included a declaration that Plaintiff was the successor in interest pursuant to California Code of Civil Procedure § 377.11, based on Decedent dying without issue. (First Amended Compl. ("FAC") ¶ 6, Dkt. No. 21-1.) Plaintiff no longer brought claims as a representative of Decedent's Estate, but only as Decedent's successor in interest. (FAC at 6-10.)

On July 13, 2015, the parties informed the Court that on July 9, 2015, Mr. Pakman was convicted of violating California Penal Code § 192(b) in relation to Decedent's death. (Dkt. No. 35 at 2.) Defendants filed a motion to dismiss, partly on the grounds that Plaintiff lacked standing. (Dkt. No. 38 at 2.) With respect to standing, Defendants argued that Plaintiff, as Decedent's sibling, could not bring a wrongful death or survival action because at least one of Decedent's parents was still alive, and thus had a superior right. (*Id.* at 6-7.) In opposition, Plaintiff argued that the parental rights of both Decedent's natural and subsequent adoptive parents were terminated. (Dkt. No. 39 at 8-10.)

On November 10, 2015, the Court granted in part and denied in part Defendant's motion to dismiss, and lifted the stay in the case. (Dkt. No. 42.) As to standing, the Court found that the first amended complaint contained no allegations regarding Decedent's parents, and thus Plaintiff had failed to allege sufficient facts to establish standing. (*Id.* at 7.) The Court, however, gave Plaintiff leave to file an amended complaint to plead facts establishing his standing to bring the wrongful death and survival claims. (*Id.* at 8.)

On November 20, 2015, Plaintiff filed the operative complaint. (Second Amended Compl.

("SAC"), Dkt. No. 43.) Plaintiff alleged that Plaintiff and Decedent were adopted, but that the parental rights of the adoptive parents were terminated, after which Plaintiff and Decedent became wards of the court. (SAC ¶ 3.) Plaintiff brought claims for: (1) violation of Decedent's Fourth Amendment rights, (2) wrongful death, (3) a *Monell* claim, (4) negligent wrongful death, (5) assault, and (6) battery. (SAC at 6-11.) The wrongful death, *Monell* claim, assault, and battery claims were brought by Plaintiff as Decedent's successor in interest.

On July 11, 2017, Defendants filed a motion for summary judgment. Defendants again argued that Plaintiff lacks standing to bring the instant suit because Decedent's father, Jeffrey Stoddard, had superior rights to Plaintiff. (Defs.' Mot. at 8.) On August 1, 2017, Plaintiff filed an opposition to Defendants' motion for summary judgment, arguing that Plaintiff had standing because Plaintiff and Decedent were abandoned by their adoptive parents. (Plf.'s Opp'n at 21, Dkt. No. 114.) On August 15, 2017, Defendants filed their reply in support of the motion for summary judgment. (Defs.' Reply, Dkt. No. 123.)

Prior to the hearing on Defendants' motion for summary judgment, the Court ordered the parties to submit supplemental briefing regarding termination of parental rights. (Supp. Briefing Ord., Dkt. No. 124.) In his supplemental brief, Plaintiff acknowledged that there was no authority providing for the de facto termination of parental rights, and requested leave to amend the complaint to add Decedent's Estate as a plaintiff. (Dkt. No. 126 at 1.)

The matter came on for hearing on September 7, 2017. (Dkt. No. 127.) At the hearing, Defendants argued that even if the complaint was amended to add Decedent's Estate as a plaintiff, the case would not relate back. The Court ordered the parties to file supplemental briefing on the matter. On September 21, 2017, Plaintiff filed his supplemental opposition. (Plf.'s Supp. Opp'n, Dkt. No. 129.) On October 6, 2017, Defendants filed their supplemental reply. (Defs.' Supp. Reply, Dkt. No. 130.)

On October 18, 2017, the Court stayed the case, in order to allow the probate court to decide Plaintiff's petition to be appointed as personal representative of Decedent's Estate. (Dkt. No. 131 at 2.) On November 27, 2017, Plaintiff filed a notice that the probate court had issued an order appointing Plaintiff as the administrator and/or personal representative of Decedent's Estate.

4

(Dkt. No. 132.)

## II.     DISCUSSION

### A.     Relation Back

The parties' primary dispute is whether amendment of the complaint is futile. Defendants argue that even if Plaintiff was to amend the complaint, the survival action cannot relate back to the filing of the original complaint. (Defs.' Supp. Reply at 1.) In support, Defendants cite to *Coats v. K-Mart Corp.*, 215 Cal. App. 3d 961 (1989) and *Goodwin v. Cal. Dep't of Corrections*, C-07-1924-JL, 2010 WL 11484527 (N.D. Cal. Nov. 12, 2010).

In *Coats*, the decedent died following an altercation with the defendant's employees. 215 Cal. App. 3d at 964. The decedent's mother filed a complaint, acting both on an individual basis and as the administrator of the decedent's estate. *Id.* Although the plaintiff repeatedly asserted she was the administrator of the decedent's estate, the plaintiff was not actually appointed as administrator until nearly five years into the case. *Id.* at 965. The trial court deemed the estate's survival action to be filed as of the date of the plaintiff's appointment as administrator, and dismissed the actions brought on behalf of the estate as being untimely. *Id.* On appeal, the Court of Appeal concluded that the trial court did not abuse its discretion when it did not apply the relation back doctrine because the plaintiff knew or should have known that she was not the administrator of the estate, and there were no facts in the record indicating that she made any good faith efforts to be timely appointed. *Id.* at 968.

Citing to *Coats*, the district court in *Goodwin* granted the defendants' motion for summary judgment on the ground that the plaintiff lacked standing to pursue wrongful death or survival causes of action. 2010 WL 11484527, at *1.[1] The plaintiff was the decedent's mother, did not allege in the complaint that she was the representative of the decedent's estate. *Id.* at *5. The defendants had, however, previously explained to the plaintiff the requirement that she be

---

[1] The Court notes that *Goodwin* concerned a *pro se* plaintiff who failed to oppose the defendants' motion for summary judgment and did not appear at the motion hearing. 2010 WL 11484527, at *1. In dismissing the plaintiff's claims, the district court emphasized that the plaintiff had repeatedly failed to appear in court and file essential documents, which contributed to the court's decision to grant summary judgment on these claims. *Id.* at *5.

5

appointed as personal representative, and she confirmed that requirement in letters to the court in which she asserted both that she was the personal representative and that she intended to be a personal representative. *Id.* Because the plaintiff never presented evidence that she had been appointed as a personal representative, the court concluded that she had failed to meet the requirements to properly assert representative capacity.

Plaintiff relies on a separate line of authority to argue that relation back would apply in this case. (Plf.'s Supp. Opp'n at 4.) In *Klopstock v. Superior Court*, the decedent was a stockholder in a corporation. 17 Cal. 2d 13, 15 (1941). The plaintiff, acting as the executor of the decedent's estate, brought an action on behalf of the corporation. After judgment was entered in favor of the plaintiff, the Court of Appeal reversed the judgment on the ground that the estate was not a party to the action because the plaintiff was not the executor of the estate. *Id.* at 15-16. The California Supreme Court acknowledged that the plaintiff was not the proper party to bring an action on behalf of the corporation, and that the action should have been brought by a legal representative of the estate. *Id.* at 16.

The California Supreme Court found, however, that the trial court had the discretion "to permit the amendment of the complaint which, in effect, substituted the proper plaintiff in the action." 17 Cal. 2d at 19, 21. The court explained that "[t]his position is clearly in accord with the modern theories of code pleading, which would permit amendment in the discretion of the court unless an attempt is made to present an entirely different set of facts by way of the amendment." *Id.* at 19-20. While amendments with the effect of stating a distinct cause of action were not permitted, "the test is not whether under technical rules of pleading a new cause of action is introduced, but rather, the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant." *Id.* at 20. Thus, "[t]he power to permit amendment is denied only if a change is made in the liability sought to be enforced against the defendant." *Id.* As applied in *Klopstock*, the California Supreme Court explained that the substitution of a party was permissible because "[t]he defendants have been fully apprised since the filing of the original complaint of the facts which are relied upon to state a right to relief against them in behalf of the corporation." *Id.* at 21.

6

In *Cloud v. Northrop Grumman Corp.*, the Court of Appeal rejected the application of *Coats* in favor of *Klopstock*. 67 Cal. App. 4th 995, 1009-10 (1998). There, the plaintiff brought an employment action against the defendant, at the same time her bankruptcy action was pending. *Id.* at 998-99. The defendant moved for judgment on the pleadings on the ground that the plaintiff lacked standing because her claim was the property of the bankruptcy estate, and that the bankruptcy estate was therefore the real party in interest. *Id.* at 999. The Court of Appeal agreed that the plaintiff lacked standing, but found that the plaintiff should have been given leave to amend the complaint. Pointing to *Klopstock*, the Court of Appeal explained that the discretion to permit amendment "must be liberally construed to permit amendment to substitute a party with standing for one who is not a real party in interest." *Id.* at 1005-06. Moreover, "*Klopstock* demonstrates that the policy requiring liberal leave to amend is not dependent on whether the statute of limitations has expired." *Id.* at 1006. Instead, the "plaintiff is entitled to relation-back effect so long as the cause of action against the defendant is not factually changed." *Id.* The *Cloud* court also noted that since *Klopstock*, the California Supreme Court had "explained that the law allowing amendment of pleadings after expiration of the statute of limitations period has actually *broadened*," such that "the 'modern' rule allow[s] an amendment to relate back so long as recovery is sought *on the same general set of facts* as those alleged in the original complaint." *Id.* (citing *Austin v. Mass. Bonding & Ins. Co.*, 56 Cal. 2d 596, 600 (1961)).

Although the defendant relies on *Coats*, the *Cloud* court found *Coats* to be unpersuasive because it did not cite to *Klopstock*, and that "[a]gainst the backdrop of the *Klopstock* line of authority, which holds that Code of Civil Procedure section 473 must be liberally applied to permit amendment to substitute a plaintiff with standing for one who lacks standing, the result in *Coats* can only be explained by the lack of citation to *Klopstock* and the peculiar facts of *Coats*." *Cloud*, 67 Cal. App. 4th at 1009. Those peculiar facts included the *Coats* plaintiff's failure to be named administrator until after two years' worth of motions to compel production of the decedent's medical records (which required an administrator's authorization) and two years' worth of court orders to provide that authorization and proof of appointment. *Id.*

The Court agrees with *Klopstock* and *Cloud* that the relation back doctrine would apply if

7

Plaintiff was to amend. Plaintiff's proposed amendment is based on the same facts that the parties have litigated throughout the duration of this lawsuit, and thus relation back is appropriate. While the Court acknowledges that the facts in this case have some similarity to *Coats*, including the fact that Plaintiff did not seek to be appointed as administrator until four years after the case was initiated, *Coats* is readily distinguishable. Unlike the *Coats* plaintiff who, for years, repeatedly asserted that she was the administrator, Plaintiff dropped his assertion that he was the administrator when he filed the first amended complaint. Moreover, other courts, when declining to follow *Coats*, have noted that "the plaintiff in *Coats* did not move to amend, so there was no proposed plaintiff with standing." *Haley v. Dow Lewis Motors, Inc.*, 72 Cal. App. 4th 497, 508 (1999); *see also id.* at 509 ("We agree with *Cloud* that under the liberal amendment policy set forth in *Klopstock* and subsequent cases, plaintiffs should have been allowed to amend their defective pleadings"). Here, Plaintiff has been appointed administrator and the complaint can be readily amended so that there is a party with standing.

Permitting amendment at this juncture is also consistent with the Ninth Circuit's recent decision in *Jones v. Las Vegas Metropolitan Police Department*, 873 F.3d 1123 (9th Cir. 2017). There, the plaintiffs -- the decedent's parents -- brought Fourth Amendment claims against the defendants, but did not assert the claims as the executor or administrator of the decedent's estate. *Id.* at 1128. Thus, the plaintiffs lacked standing to bring the claim. In finding that the district court should have permitted a reasonable opportunity to substitute the correct party, the Ninth Circuit turned to Federal Rule of Civil Procedure 17(a)(3), which states that courts "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." This rule was designed "'to prevent forfeiture of a claim when an honest mistake was made,'" and was consistent with the "longstanding policy in favor of deciding cases on the merits." *Id.* (quoting *Goodman v. United States*, 298 F.3d 1048, 1054 (9th Cir. 2002)). Applying this rule, the Ninth Circuit found that the district court had correctly granted summary judgment on the basis that there was no proper plaintiff for the Fourth Amendment claims, but that "Rule 17 [then] required the district court to give plaintiffs a reasonable

8

opportunity to cure their error." *Id.* at 1128-29.

Like the plaintiffs in *Jones*, Plaintiff here did not properly bring claims on behalf of Decedent's Estate, as required, and thus lacks standing. Plaintiff has since been appointed administrator of Decedent's Estate, and the Court therefore finds that an opportunity to amend is appropriate. In giving Plaintiff the opportunity to amend, the Court does not condone the repeated failure of Plaintiff's counsel to resolve the standing issue at an earlier stage, particularly when standing has been raised in multiple dispositive motions. The Court will not, however, punish Plaintiff for the actions of his counsel, particularly where the case is substantively the same. Therefore, the Court finds that leave to amend is appropriate.

### B. Defendants' Remaining Arguments regarding Futility

Defendants raise several other arguments in their supplemental reply, asserting that amendment is futile.

First, Defendants argue that amendment is futile because Plaintiff's adoptive parents have a higher priority to be appointed the representative of Decedent's Estate. (Defs.' Supp. Reply at 7.) This argument is mooted by the fact that Plaintiff has since been appointed as the representative. (*See* Dkt. No. 132.) Defendants also argue that Plaintiff would not inherit Decedent's Estate; this, however, is irrelevant to who may bring suit on behalf of Decedent's Estate.

Second, Defendants contend that they are prejudiced by the delay. (Defs.' Supp. Reply at 7-8.) While the Court strongly agrees that the failure by Plaintiff's counsel to correct the standing issue earlier, particularly when it has been raised multiple times by Defendants, is problematic, the Court does not agree that Defendants are so prejudiced as to warrant a denial of the request to amend. On the substantive merits of the case, Defendants remain in the same position, whether the case is brought by Plaintiff as the successor in interest or the representative of Decedent's Estate. Again, this Circuit has a "longstanding policy in favor of deciding cases on the merits," and the Court is reluctant to allow Plaintiff's claims to be forfeited based on the errors of Plaintiff's counsel. *Jones*, 873 F.3d at 1129.

Third, Defendants argue that the request for substitution is meaningless because Plaintiff's counsel does not have a client with standing. (Defs.' Supp. Reply at 8.) Again, this argument is

mooted by the fact that Plaintiff has now been appointed as the representative of Decedent's Estate. (*See* Dkt. No. 132.)

Finally, Defendants contend that the survival claims are barred because a government claim was never filed by Decedent's Estate, as required by California Government Code § 911.2 ("A claim relating to a cause of action for death . . . shall be presented . . . not later than six months after the accrual of the cause of action"). (Defs.' Supp. Reply at 9.) Although Defendants acknowledge that the government claim form stated that Plaintiff was filing the claim both in his individual capacity and in his capacity as the personal representative of Decedent's Estate, Defendants argue there was no estate and that Plaintiff was not the appointed administrator at the time. (*Id.* at 9-10.) Thus, Defendants contend that the government claim is inadequate because it is on behalf of a "later created estate" that Plaintiff did not have authority to file a claim on behalf of. (*Id.* at 10.)

The Court disagrees that Decedent's Estate did not exist at the time of the claim presentation. In general, "an 'estate' is not a legal entity and is neither a natural nor artificial person. It is merely a name to indicate the sum total of the assets and liabilities of a decedent . . . ." *Estate of Bright v. W. Air Lines, Inc.*, 104 Cal. App. 2d 827, 828 (1951); *see also Smith v. Cimmet*, 199 Cal. App. 4th 1381, 1390 (2011) ("A probate or trust estate is not a legal entity; it is simply a collection of assets and liabilities"). Thus, it appears that the estate existed regardless of whether Plaintiff was appointed as a personal representative or not; Defendants cite no authority for the proposition that the appointment of the personal representative creates the estate, and the Court has found no such authority to such effect.

To the extent Defendants rely on *Jose v. City of Los Angeles*, No. CV 09-1823 AHM (VBKx), 2009 WL 10672782 (C.D. Cal. Aug. 3, 2009), the Court finds this case distinguishable. There, the government claim was filed by the parents; it did not identify the decedent's estate as a claimant, nor did it identify the parents as personal representatives of the estate. *Id.* at *4. On these facts, the district court found that no claims had been brought on behalf of the estate. A key distinction between *Jose* and the instant case, however, is that here the government claim form *did* identify Plaintiff as acting as the personal representative of Decedent's Estate. Under the test of

10

substantial compliance, "the court must ask whether sufficient information is disclosed on the face of the filed claim to reasonably enable to public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit." *Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 147 Cal. App. 3d 1071, 1083 (1983). While Plaintiff was ultimately incorrect that he was the personal representative, Defendants were put on notice by the government claim that claims were being brought on behalf of Decedent's Estate. Defendants, therefore, had the opportunity to "make an adequate investigation of the merits of the claim," which they ultimately denied. Defendants are, in short, in the same position now as they would have been if Plaintiff had been the appointed personal representative at the time the claim was filed.

The Court, therefore, finds that amendment of the complaint will not be futile.

### III. CONCLUSION

The Court GRANTS Plaintiff's request to file an amended complaint that names Plaintiff as the personal representative of Decedent's Estate. No other changes are permitted. Plaintiff must file the amended complaint no later than March 15, 2018. Failure to **timely** file will result in the amended complaint being rejected, and Defendants' motion for summary judgment will be granted on the basis of lack of standing.

IT IS SO ORDERED.

Dated: March 1, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge