UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE LEE JETMORE STODDARD-NUNEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD, et al.,<br><br>    Defendants. | Case No. 13-cv-04490-KAW<br><br>**ORDER SETTING HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 100 |

Defendants have filed a motion for summary judgment. (Dkt. No. 100.) The Court SETS a hearing on Defendants' motion for summary judgment on **April 5, 2018** at **1:30 p.m.** The parties should be prepared to address the following issues:

1. The Court requires clarification on whether Defendant Troche asserts that he had 1.5 to 2 seconds to react to Mr. Pakman driving towards him, or if the complete act of shooting took place in 1.5 to 2 seconds. Additionally, does Plaintiff dispute this contention?

2. Plaintiff's primary argument appears to be that Defendant Troche acted unreasonably because several of the shots were fired from the rear of the subject vehicle. (*See* Plf.'s Opp'n at 28, Dkt. No. 114.) What evidence does Plaintiff rely on for this argument? Does Plaintiff rely solely on Mr. Roder's expert opinion? If relying on other evidence, Plaintiff must provide specific citations in the record.

3. With respect to Mr. Roder's expert opinion, there does not appear to be adequate information to determine if the opinion complies with the requirements of *Daubert* and Federal Rule of Evidence 702. Specifically, there is no information on whether "the testimony is the product of reliable principles and methods," and whether Mr. Roder

"has reliably applied the relevant principles and methods to the facts of the case." *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014). Additionally, the provided graphics do not appear to consider Mr. McLeod's presence and the patrol vehicle doors being open, amongst other things. (*See* Defs.' Reply at 7, Dkt. No. 123.) Does Plaintiff dispute these facts, and if not, why do they not affect the validity of Dr. Roder's opinion?

4. Plaintiff argues that Defendant Troche should have provided a warning prior to shooting. (Plf.'s Opp'n at 28-29.) Can Plaintiff identify any cases with facts similar to the instant case? Is *Deorle v. Rutherford* comparable to the facts of the instant case, as it concerned an unarmed individual holding a can or bottle, who was not warned to drop the can or bottle or that he would be shot if he did not halt? *See* 272 F.3d at 1284.

5. Plaintiff appears to argue that Defendant Troche has "exclusive knowledge" of what occurred. (Plf.'s Opp'n at 27.) Why is Mr. McLeod's testimony not also relevant to what occurred?

6. Assuming that Defendant Troche did not identify himself as an officer and that his car and uniform were not visible because of the lighting, how does this affect what amount of force can be used by a reasonable officer if Mr. Pakman was driving at him? Are there any comparable cases?

7. With respect to the physical evidence, Plaintiff raises issues of the lack of paint chips from the Honda being found on the patrol vehicle, and the failure to analyze whether asphalt found near gouge marks in fact came from the gouge marks. (*See* Plf.'s Opp'n at 15-16.) Why is this evidence relevant, and is it, alone, enough to defeat summary judgment?

IT IS SO ORDERED.

Dated: March 21, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge